IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | CIVIL ACTION NO. 04-cv-4244 JPG |
| v. | ) ) ) | |
| CROWNLINE BOATS, INC. | ) ) ) ) | COMPLAINT  FILED NOV 24 2004 CLERK, U.S. DISTRICT COURT |
| Defendants. | ) ) | JURY TRIAL DEMAND |

## NATURE OF THE ACTION

The United States Equal Employment Opportunity Commission (the "Commission") brings this action against Crownline Boats, Inc. ("Crownline" or the "Employer") pursuant to Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 in order to correct Crownline's unlawful employment practices on the basis of sex and to provide appropriate relief to Leslie Kearney ("Kearney") and a class of similarly situated female employees who were adversely affected by such practices. As alleged in paragraph seven below, the Commission alleges that Crownline discriminated against Kearney and a class of similarly situated females employees because of their sex, female, and pregnancy.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Illinois, Benton Division.

## PARTIES

3. Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Employer has continuously been an Illinois corporation, doing business in the State of Illinois and the City of West Frankfort, and has continuously had at least 15 employees.

5. At all relevant times, Crownline has been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Kearney filed a charge with the Commission alleging violations of Title VII by Crownline. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least February 14, 2003, Crownline engaged in unlawful employment practices within its facilities in West Frankfort, Illinois, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1). The unlawful practices include subjecting Kearney and the class to discrimination based on sex and pregnancy and discharging Kearney because of her pregnancy.

8.  The effect of the practices complained of in paragraph seven above has been to deprive Kearney and the class of equal employment opportunities and to otherwise adversely affect their employee status because of their sex and pregnancy.

9.  The unlawful employment practices complained of in paragraph seven above were intentional and done with malice or reckless indifference to their federally protected rights.

## PRAYER FOR RELIEF

**WHEREFORE**, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Crownline, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in discrimination based on sex and pregnancy.

B.  Order Crownline to institute and carry out policies, practices, and programs which provide equal employment opportunities for females and which eradicate the effects of its past and present unlawful employment practices based on sex and pregnancy.

C.  Order Crownline to make whole Kearney and the class by providing appropriate back pay with prejudgment interest in amounts to be determined at trial and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful place reinstatement or, in the alternative, an award of front pay.

D.  Order Crownline to make whole Kearney and the class by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph seven above in amounts to be determined at trial.

  E. Order Crownline to make whole Kearney and the class by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph seven above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, embarrassment and humiliation, in amounts to be determined at trial.

  F. Order Crownline to pay Kearney and the class punitive damages for its malicious and reckless conduct described in paragraph seven above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

    Respectfully submitted,

    ERIC S. DREIBAND
    General Counsel

    JAMES L. LEE
    Deputy General Counsel

    GWENDOLYN YOUNG REAMS
    Associate General Counsel

    EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION
    1801 L Street, N.W.
    Washington D.C. 20507

_____
LAURIE A. YOUNG
Regional Attorney

_____
MICHELLE EISELE
Supervisory Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Indianapolis District Office
101 W. Ohio St., Suite 1900
Indianapolis, IN 46204-4203

_____
KENNETH W. BROWN
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
Louisville Area Office
600 Martin Luther King, Jr. Place
Suite 268
Louisville, Kentucky 40202-2285
(502) 582.5440 (Direct Dial)
(502) 582.5895 (Facsimile)