UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

    Plaintiff,

v.

CROWNLINE BOATS, INC.,

    Defendant.

Case No. 04-cv-4244-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Crownline Boats Inc.'s ("Crownline") motion to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(1) and alternative motion for stay (Doc. 3). Plaintiff Equal Employment Opportunity Commission (EEOC) has responded to the motion (Doc. 6), and Crownline has replied to the EEOC's response (Doc. 10).

**I.    Alleged Facts**

In order to decide this motion, the Court only needs to consider the basic facts to which each party agrees. Leslie Kearney, a former employee of Crownline, was discharged on February 14, 2003 because she was pregnant. At the time of Kearney's termination, Crownline had a policy of not allowing pregnant women to work in the Lamination Department, the department in which Kearney was working when she was discharged. On April 21, 2003, Kearney filed a charge with the EEOC alleging that Crownline discharged her based on sex, specifically pregnancy, in violation of Section 703(a)(1) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(a)(1).

Around June 19, 2003, Crownline tendered to Kearney an offer to return to work with full reinstatement and seniority, but Kearney chose to wait until the birth of her child before

returning to work on September 15, 2003. Crownline has voluntarily instituted new policies and procedures concerning its pregnant employees. These procedures, Crownline alleges, were instituted to address the EEOC's concerns.

On December 16, 2003, the EEOC issued its Letter of Determination stating it had reasonable cause to believe Crownline discriminated against Kearney and a class of Crownline employees because of sex, pregnancy specifically. The Letter of Determination also asked Crownline to take part in conciliation efforts by proposing terms for a conciliation agreement. Crownline shortly responded by setting forth an initial offer of an agreement not to terminate any employee because of their pregnancy and an agreement to refrain from engaging in future unlawful employment acts. The EEOC responded with an oral conciliation demand of $250,000 in back pay and other make whole relief for other class members, as well as a demand that Crownline institute training, posting and a policy change.

Crownline made an oral counteroffer on February 6, 2004, which included back pay for Kearney. On February 18, 2004, Crownline offered a written counteroffer of $4,338.57 as full back pay for Kearney, less any amount she received in the interim. Further, Crownline stated it refused to make a settlement offer regarding any other class members nor did it comment on the EEOC's training and policy change requests. After Crownline's written counteroffer, the EEOC issued a letter stating the conciliation efforts had been unsuccessful.

## II.     Procedural History

On November 24, 2004, the EEOC then filed a complaint with this Court pursuant to Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991. The EEOC alleges Crownline has violated Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1),

specifically, because Crownline discharged Kearney and others because of sex, in particular, pregnancy. The EEOC has requested a permanent injunction enjoining Crownline from engaging in discrimination based on sex and pregnancy, an order for Crownline to remedy past and present violations of Title VII by instituting policies and programs to provide equal employment opportunities for females, an order for Crownline to make whole Kearney and the class, and other appropriate relief. Crownline subsequently filed this motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and alternative motion for stay.

Crownline argues this motion to dismiss for lack of subject matter jurisdiction should be granted because the EEOC has not attempted good faith conciliation efforts with Crownline and that Crownline was ready, willing, and able to conciliate at all times. By bringing this motion under Federal Rule of Civil Procedure 12(b)(1), Crownline assumes that good faith conciliation is a jurisdictional prerequisite, which must be attempted before this Court has authority to hear this action. The EEOC has responded to Crownline's motion to dismiss asserting that it has attempted good faith conciliation. The EEOC points out in a footnote that conciliation is not a jurisdictional prerequisite, but nevertheless alternatively argues that it has attempted good faith conciliation and Crownline's motion should be denied, regardless.

Crownline replied to the EEOC's response. Crownline further argues the EEOC has admitted it made no effort to conciliate the class claim, and the EEOC has conceded that it failed to satisfy its statutory obligation of conciliation with Kearney.

**III.   Analysis**

Although Crownline asks the Court to dismiss the EEOC's complaint for lack of subject matter jurisdiction because the EEOC has failed to attempt good faith conciliation efforts, the

3

Court finds it unnecessary to determine the sufficiency of the conciliation at this time. Neither good faith conciliation, nor conciliation in general, are *jurisdictional* prerequisites to this Court's authority over the matter. The Seventh Circuit Court of Appeals has not stated directly whether conciliation is a jurisdictional prerequisite to the EEOC filing a complaint. However, principles of statutory construction, policy analysis, and opinions by the United States Supreme Court and the Seventh Circuit Court of Appeals addressing similar issues guide this Court to the determination that conciliation is not a jurisdictional prerequisite.

Statutory duties and conditions precedent, such as the administrative duty to conciliate, are preconditions to suit. Although the parties and other courts, on occasion, have carelessly referred to preconditions to suit as being jurisdictional in nature, preconditions are altogether different than jurisdictional prerequisites. Preconditions to suit are a duty that must be performed before a suit can be filed, but when the duty is not performed, the court still has jurisdiction to entertain the claim.

In *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385 (1982), the United States Supreme Court distinguished preconditions to suit from jurisdictional prerequisites when deciding whether the statutory time limit for filing charges under Title VII is a jurisdictional prerequisite to suit. Based on the construction of Title VII, the congressional policy underlying Title VII, and prior United States Supreme Court opinions, the Court held it was not a jurisdictional prerequisite. *Id.* at 393. *Zipes* has been expanded by the Seventh Circuit Court of Appeals. The Seventh Circuit has held exhaustion of administrative remedies in general, like the statutory time limit in *Zipes*, is a precondition to suit. *See Ameritech Ben. Plan Comm. v. Communication Workers of Am.*, 220 F.3d 814, 819 (7th Cir. 2000); *Gibson v. West*, 201 F.3d 990, 994 (7th Cir.

2000).

For the same reasons used by the United States Supreme Court in *Zipes*, this Court finds that good faith conciliation also is not a jurisdictional prerequisite to suit, but is merely a precondition to suit.  The structure of Title VII, the policy of the conciliation requirement, and Seventh Circuit Court of Appeals opinions indicate conciliation is not a jurisdictional prerequisite.  First, the section conferring jurisdiction under Title VII, 42 U.S.C. § 2000e-5(f)(3)[1], contains no reference to the statutory conciliation requirement.  The provision referencing the duty to conciliate, 42 U.S.C. § 2000e-5(b)[2], is contained in an entirely separate

---

[1]Specifically, 42 U.S.C. § 2000e-5(f)(3) states in pertinent part:

> Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of  sections 1404 **and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.**

[2]In pertinent part, 42 U.S.C. § 2000e-5(b) states:

> Whenever a charge is filed by or on behalf of a person claiming to be aggrieved, or by a member of the Commission, alleging that an employer, employment agency, labor organization, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs, has engaged in an unlawful employment practice, the Commission shall serve a notice of the charge (including the date, place and circumstances of the alleged unlawful employment practice) on such employer, employment agency, labor organization, or joint labor-management committee (hereinafter referred to as the "respondent") within ten days, and shall make an investigation thereof. Charges shall be in writing under oath or affirmation and shall contain such information and be in such form as the Commission requires. Charges shall not be made public by the Commission. If the Commission determines after such investigation that there is not reasonable cause to believe that the charge is true, it shall dismiss the charge and promptly notify the person claiming to be aggrieved and the respondent of its action. In determining whether reasonable cause exists, the Commission shall accord substantial weight to final findings and orders made by State or local authorities in proceedings commenced under State or local law pursuant to the requirements of subsections (c) and (d) of this section. If the Commission determines after such investigation that there is reasonable cause to believe that the charge is true, the Commission shall endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference,

provision, which makes no mention of the jurisdiction of the district courts. Thus, Title VII's structure indicates the conciliation requirement was not intended to be a jurisdictional prerequisite as it is not included with the other jurisdictional prerequisites of § 2000e-5(f)(3).

Second, the policy of the conciliation requirement is not undermined by holding that conciliation is not a jurisdictional prerequisite to suit. The conciliation requirement is present to promote swift resolution of Title VII violations rather than a resort to lengthy litigation. *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 764 (1998). When the need to challenge the sufficiency of the EEOC's conciliation attempt arises, a Title VII defendant can still plead and prove the EEOC's failure to conciliate as an affirmative defense. *See e.g. EEOC v. Zia Co.*, 582 F.2d 527 (10th Cir. 1978); *See Belgrave v. Pena* 254 F.3d 384, 386 (2d Cir. 2001); *See Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999) (citing *Williams v. Runyon*, 130 F.3d 568, 573 (3d Cir. 1997)). If the sufficiency of conciliation is not challenged as an affirmative defense, the Court still has jurisdiction to hear the cause. *See id*. Alternatively, a successful attack on the conciliation requirement will dispose of the case before a trial on the merits. Thus, despite the unavailability of a jurisdictional attack, the sufficiency of conciliation can still be attacked by other methods furthering the policy of conciliation.

Finally, as in *Zipes*, case law guides this Court as well. In *EEOC v. Zia Co.*, the court held that a lack of good faith conciliation does not bar the court from having jurisdiction over the

---

conciliation, and persuasion. Nothing said or done during and as a part of such informal endeavors may be made public by the Commission, its officers or employees, or used as evidence in a subsequent proceeding without the written consent of the persons concerned. Any person who makes public information in violation of this subsection shall be fined not more than $1,000 or imprisoned for not more than one year, or both. The Commission shall make its determination on reasonable cause as promptly as possible and, so far as practicable, not later than one hundred and twenty days from the filing of the charge or, where applicable under subsection (c) or (d) of this section, from the date upon which the Commission is authorized to take action with respect to the charge.

cause of action. 582 F.2d at 533. In so holding, the court stated that the inquiry into the good faith conciliation attempt is relevant when deciding whether the court should continue entertaining the claim or whether the court should stay the proceedings and allow the parties to attempt good faith conciliation. *Id.* However, good faith conciliation is not relevant to determining the court's power over the action. *Id.* Further, *Zia* has been cited with approval by the Seventh Circuit Court of Appeals for other rules of law contained in the opinion, and it has been cited by several of the cases in the parties' briefs. *See e.g. EEOC v. Elgin Teachers Ass'n*, 27 F.3d 292, 294 (7th Cir. 1994); *EEOC v. Liberty Trucking Co.*, 695 F.2d 1038, 1042 (7th Cir. 1982); *EEOC v. Keco Indus., Inc.*, 748 F.2d 1097, 1101-1102 (6th Cir. 1984).

Before *Zia* was decided, the Seventh Circuit Court of Appeals had already stated, "[C]onciliation efforts by the EEOC are not jurisdictional prerequisites to a judicial action." *Flowers v. Local No. 6, Laborers Int'l Union*, 431 F.2d 205, 207 (1970). Although the issue in *Flowers* was whether the individual complainant could file suit in federal court when the EEOC has not attempted conciliation, the Seventh Circuit did not qualify nor limit its holding to individual private causes of action. Further, a recent opinion from the Northern District of Illinois has held conciliation is not a jurisdictional prerequisite for the EEOC to file in court. *EEOC v. Heart of America*, 2003 WL 22764662, 1 (N.D. Ill. 2003). In *Heart of America*, the court held Rule 12(b)(1) was not the proper method to challenge the EEOC's conciliation efforts. *Id.*; *See also EEOC v. Sears Roebuck & Co.*, 504 F. Supp. 241, 262 (N.D. Ill. 1980) ("The sufficiency of the conciliation effort presents a question of whether the court should stay the proceeding for further conciliation, not whether it has jurisdiction over the cause").

The Court now turns to the Northern District of Illinois and other circuit court opinions

which are cited in the parties' briefs. Most of the opinions state conciliation is a statutory duty, but they do not convince this Court that conciliation is a jurisdictional prerequisite. Crownline cites *EEOC v. First Midwest Bank*, 14 F.Supp.2d 1028, 1031 (N.D. Ill. 1998), for the propositions that the EEOC is statutorily obligated to attempt conciliation and that the EEOC can file in court only after it is unable to successfully conciliate (Crownline characterizes it as a "condition precedent"). *Id.* Crownline is correct that the EEOC is statutorily obligated to attempt conciliation, but that precondition to suit is not akin to a jurisdictional prerequisite. *First Midwest* never used the term jurisdiction in its analysis.

Likewise, in *EEOC v. Keco Indus., Inc.*, the court stated the EEOC can file in court only after it is unable to successfully conciliate, but does not say it is a jurisdictional failure if the EEOC does not conciliate. 748 F.2d at 1101. Further, the court in *Keco* considered the conciliation of the parties when considering the district court's grant of a *motion for summary judgment*. Id. at 1099. The court's subject matter jurisdiction never was challenged. Crownline and several appellate court cases state conciliation is a statutory duty, prerequisite to suit, or condition precedent to suit; however, as noted above, the cases do not state conciliation is a jurisdictional prerequisite. Jurisdictional prerequisites are not the same as preconditions to suit.

Finally, Crownline cites *EEOC v. Magnolia Elec. Power Ass'n,* 635 F.2d 375, 378 (5th Cir. 1981), which concluded the EEOC's failure to conciliate in good faith deprives the court of subject matter jurisdiction. The court wrote the opinion in *Magnolia* before *Zipes* was decided. Consequently, *Magnolia* did not have the opportunity to consider the United States Supreme Court's ruling on jurisdictional prerequisites in *Zipes*. *Magnolia* precisely states, "[T]he EEOC's failure to follow [administrative] procedures concerning a respondent deprives a federal

which are cited in the parties' briefs. Most of the opinions state conciliation is a statutory duty, but they do not convince this Court that conciliation is a jurisdictional prerequisite. Crownline cites *EEOC v. First Midwest Bank*, 14 F.Supp.2d 1028, 1031 (N.D. Ill. 1998), for the propositions that the EEOC is statutorily obligated to attempt conciliation and that the EEOC can file in court only after it is unable to successfully conciliate (Crownline characterizes it as a "condition precedent"). *Id.* Crownline is correct that the EEOC is statutorily obligated to attempt conciliation, but that precondition to suit is not akin to a jurisdictional prerequisite. *First Midwest* never used the term jurisdiction in its analysis.

Likewise, in *EEOC v. Keco Indus., Inc.*, the court stated the EEOC can file in court only after it is unable to successfully conciliate, but does not say it is a jurisdictional failure if the EEOC does not conciliate. 748 F.2d at 1101. Further, the court in *Keco* considered the conciliation of the parties when considering the district court's grant of a *motion for summary judgment*. Id. at 1099. The court's subject matter jurisdiction never was challenged. Crownline and several appellate court cases state conciliation is a statutory duty, prerequisite to suit, or condition precedent to suit; however, as noted above, the cases do not state conciliation is a jurisdictional prerequisite. Jurisdictional prerequisites are not the same as preconditions to suit.

Finally, Crownline cites *EEOC v. Magnolia Elec. Power Ass'n,* 635 F.2d 375, 378 (5th Cir. 1981), which concluded the EEOC's failure to conciliate in good faith deprives the court of subject matter jurisdiction. The court wrote the opinion in *Magnolia* before *Zipes* was decided. Consequently, *Magnolia* did not have the opportunity to consider the United States Supreme Court's ruling on jurisdictional prerequisites in *Zipes*. *Magnolia* precisely states, "[T]he EEOC's failure to follow [administrative] procedures concerning a respondent deprives a federal

8

district court of subject matter jurisdiction in a suit by the EEOC against that respondent." *Id.* The Seventh Circuit, in cases following the Supreme Court's holding in *Zipes*, has specifically ruled exhaustion of administrative remedies is a precondition to a Title VII suit, not a jurisdictional prerequisite. *Ameritech Ben. Plan Comm.*, 220 F.3d at 819; *Gibson*, 201 F.3d at 994. *Magnolia* conflicts with the Seventh Circuit's broad interpretation of *Zipes*.

Thus, based on the United States Supreme Court decision in *Zipes*, the statutory structure of Title VII, policy considerations, and Seventh Circuit precedent, this Court holds that neither good faith conciliation, nor conciliation generally, are jurisdictional prerequisites to the EEOC filing suit in district court. Even though conciliation is not a jurisdictional prerequisite, the defendant may still attack the sufficiency of the EEOC's conciliation as an affirmative defense to the EEOC's claim. Crownline remains free to file a motion for summary judgment on the issue.

## IV.     Conclusion

For the foregoing reasons, the Court **DENIES** Crownline's motion to dismiss and alternative motion for stay (Doc. 3).

**IT IS SO ORDERED**
**DATED: June 14, 2005**

                                                  s/ J. Phil Gilbert
                                                  **J. PHIL GILBERT**
                                                  **DISTRICT JUDGE**